# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DOUGLAS ARTHUR VOGELGESANG and ELLARENE KUUEIALOHA VOGELGESANG,<br><br>Debtors. | Case No. 12-01468<br>Chapter 7<br><br>Re: Docket No. 55 |

## MEMORANDUM OF DECISION REGARDING CREDITORS' MOTION FOR EXTENSION OF TIME

## I. INTRODUCTION

This is a contested matter in bankruptcy. Fed. R. Bankr. P. 9014. On January 15, 2013, creditors Etsuko and Takeo Okuda (the "Creditors") filed a motion to enlarge the time in which to file a complaint objecting to discharge under 11 U.S.C. § 523(c). Dkt. no. 55. The debtors, Douglas and Ellarene Vogelgesang, opposed the motion. Dkt. no. 58.

The matter was heard on February 20, 2013. Fred P. Benco, Esq., appeared on behalf of the Creditors in support of the motion. Lisa M. Volquardsen, Esq., appeared on behalf of the debtors in opposition to the motion. The court took the matter under submission.

## II. FACTS

The debtors commenced a chapter 13 bankruptcy case on July 16, 2012. The debtors filed a chapter 13 plan on August 13, 2012 (dkt. no. 12) that was opposed by the Creditors and the standing chapter 13 trustee (dkt. no. 19-20). The Creditors and the trustee objected on the grounds that the debtors' unsecured debts vastly exceeded the maximum limits prescribed by section 109(e) of the Bankruptcy Code. The court denied confirmation of the plan (dkt. no. 22-23), and on September 29, 2012, the case was converted to chapter 7. On the same day, a new deadline to file complaints objecting to discharge was set for January 15, 2013. Dkt. no. 26.

The Creditors, on November 1, 2012, filed a motion for relief from the automatic stay (dkt. no. 37), seeking to recommence their state court lawsuit against the debtors and non-debtor parties alleging fraudulent transfers in relation to real property located in Kailua, Hawaii. The debtors opposed the motion. Dkt. no. 42. At the hearing on the motion, the court granted in part and denied in part the motion, noting that claims against non-debtor parties may proceed in state court, but that claims against the debtors relating to alleged fraudulent transfers should first be investigated by the chapter 7 trustee for the benefit of all creditors. If the trustee does not proceed with any claims related to the alleged fraudulent

2

transfers, then at that time the Creditors may be able to pursue their claims. The court also noted that claims against the debtors relating to dischargeability should be decided by the bankruptcy court as a core matter. The order denying in part and granting in part the relief from stay motion was docketed on January 4, 2013. Dkt. no. 52. Eleven days later, on January 15, 2013, the Creditors filed their motion to extend the deadline to file complaints under section 523(c) of the Bankruptcy Code.

## III. ISSUE

Whether cause exists to extend the time for the Creditors to file a complaint objecting to discharge under 11 U.S.C. § 523(c).

## IV. STANDARD

Rule 4007 of the Federal Rules of Bankruptcy Procedure governs the time for filing a complaint objecting to the dischargeability of a debt under 11 U.S.C § 523(c). Subsection (c) of the rule allows the complaint bar date to be extended for cause. Fed. R. Bankr. P. 4007(c). A bankruptcy judge has discretion under Bankruptcy Rule 4007(c) to extend the time for filing 523(c) complaints so long as the request to extend the deadline is made when the complaint can still be filed. In re Albert, 113 B.R. 617, 618 (B.A.P. 9th Cir. 1990). "Cause" is not defined and the determination is committed to the court's discretion. In re Stonham, 317 B.R.

3

U.S. Bankruptcy Court - Hawaii    #12-01468    Dkt # 66    Filed 02/27/13    Page 3 of 5

544, 547 (Bankr. D. Colo. 2004) (citing In re Farhid, 171 B.R. 94, 96 (N.D. Cal. 1994)). "The determination of 'cause' by its very nature is fact driven and thus, must be analyzed on a case by case basis." Id.

## V. DISCUSSION

The Creditors request additional time to file a complaint because they have recently been made aware of investigations by the bankruptcy trustee into potential fraudulent transfer and preference claims. The Creditors seek time to discuss the facts and circumstances surrounding these claims with the trustee.

The debtor, in objection to the motion, argues that cause should be construed narrowly in favor of the debtor in order to promote a fresh start. The Creditors have had six months to conduct discovery and file a complaint objecting to discharge, but failed to do either. Even assuming the creditors are collecting information from the bankruptcy trustee, they still have had sufficient time to file a complaint.

The court finds cause to exist in this case for a short extension of the complaint bar date. The Creditors have been active participants in this bankruptcy case from its conception. They filed an objection to the original chapter 13 plan (which ultimately led to conversion) and a motion for relief from the automatic stay to continue their state court litigation against the debtors. The order on the

4

U.S. Bankruptcy Court - Hawaii    #12-01468    Dkt # 66    Filed 02/27/13    Page 4 of 5

relief from stay motion was only recently docketed, on January 4, 2013. The Creditors have diligently sought information relevant to their potential claims related to real property in Kailua, Hawaii. While it appears the bankruptcy trustee seeks discharge from the bankruptcy case, and would thus no longer be investigating potential preference and fraudulent transfer claims (see dkt. no. 63, Chapter 7 Trustee's Report of No Distribution), the trustee did so only recently, on February 19, 2013. Now that the trustee has had the opportunity to fully explore the potential claims for the benefit of all creditors, the Creditors should be given a short amount of time to finish their investigations and decide whether to file a complaint.

## VI. CONCLUSION

The creditors' motion for extension of time to file a complaint objecting to discharge under 11 U.S.C. § 523(c) is granted. The court will generate a separate order.

Dated: Honolulu, Hawaii, Feb. 27, 2013.

Lloyd King
United States Bankruptcy Judge

U.S. Bankruptcy Court - Hawaii   #12-01468   Dkt # 66   Filed 02/27/13   Page 5 of 5