Date Signed:
July 2, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DOUGLAS ARTHUR VOGELGESANG and ELLARENE KUUEIALOHA VOGELGESANG,<br><br>Debtors. | Case No. 12-01468<br>Chapter 7<br><br>Re: Docket No. 124, 130 |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO FINAL REPORT

Creditors Etsuko and Takeo Okuda recovered a judgment against debtors Douglas and Ellarene Vogelgesang for more than $750,000. A few months before the jury trial which resulted in the judgment, the Vogelgesangs sold their house and paid a portion of a debt they allegedly owed to Susie and Harry Saunders. The Okudas have filed a suit in state court against the Saunders, the buyers of the house, the real estate agents involved in the sale, and others, alleging (among other things) that the sale of the house was a fraudulent transfer.

In the meantime, the Vogelgesangs filed this bankruptcy case. With court

approval, the Okudas have purchased all of the estate's claims against the Saunders and the other defendants.[1]

The trustee has filed a final report[2] in which he proposes to distribute the estate's funds to creditors holding allowed claims. These include the Okudas, who have filed a claim based on their judgment (and have acquired claims asserted by other creditors), and the Saunders, who have filed a claim based on the unpaid portion of their alleged loan to the debtors.

The Okudas object to the final report[3] and have also objected to the Saunders' claims.[4] They contend that some or all of the alleged loans were really gifts. (Susie Saunders and Douglas Vogelgesang are brother and sister.) They believe (correctly) that the allowance of the Saunders' claim in this case would preclude the Okudas from litigating the validity of that claim in state court. They would prefer to litigate the matter in state court because the state court case will be tried to a jury but their objection to the Saunders' claim in this court would not, and because there are other defendants in the state court case who may not be bound by this court's determinations. In contrast, the Saunders want to litigate their claims against the

---

[1] Dkt. 114.

[2] Dkt. 124.

[3] Dkt. 127.

[4] Dkt. 130.

U.S. Bankruptcy Court - Hawaii   #12-01468   Dkt # 161   Filed 07/02/14   Page 2 of 6

Vogelgesangs in this court.

The Okudas have proposed several ways to accomplish their objectives.

1. They request that the court order that the allowance of the Saunders' claim in this case will not have preclusive effect in the state court litigation. They cite no authority, and I have found no authority, however, for the proposition that a court can control the preclusive effects of its own judgments.

2. They ask that the court defer action in this case for a year, subject to extension, to give the state court time to complete its case. This proposal would delay the distribution to other creditors. Although those creditors have been quiescent and their claims are relatively small, their rights still deserve consideration.

3. To mitigate the effect on other creditors, the Okudas and the trustee have negotiated a proposed stipulation which provides that the Okudas will "provide the estate" with $8,515.06, with which the trustee will make an interim distribution to the other creditors of 15.255%. This is more than the 11.4% which those creditors would receive if the estate were distributed now. The stipulation goes on to provide that the other creditors' claims will be "deemed transferred" to the Okudas. The Saunders object to the stipulation on three grounds.

    a. First, they argue that the proposal would violate the priority scheme of the Bankruptcy Code, because the Saunders should be able to share along with the other creditors in the Okudas' contribution of $8,515.06. The Okudas

3

U.S. Bankruptcy Court - Hawaii #12-01468 Dkt # 161 Filed 07/02/14 Page 3 of 6

respond that:

   i. Their contribution should not be treated as part of the estate. I do not agree. It is hard to see how funds advanced to the trustee for the purpose of paying claims would not be estate property.

   ii. The Okudas agree that, if the Saunders' claim is allowed, the distribution on the Okudas' claims would be reduced as necessary to give the Saunders the same percentage distribution as other creditors. This proposal is satisfactory.

  b. Second, the Saunders argue that the deemed transfer of claims to the Okudas is improper. I agree with this objection. I do not see how a creditor's claim could be "transferred" to someone else without that creditors' consent. The Okudas propose alternatively that the claims could be deemed satisfied, but a claim is not "satisfied" when 85% of it is left unpaid.

  c. Third, the Saunders argue that the Okudas' offer of a modest amount of money to the other creditors should not "greatly affect" my analysis of my jurisdiction. The Okudas do not deny that the bankruptcy court has jurisdiction to decide the Saunders' claims against the estate; rather, they argue that the court should decline to exercise that jurisdiction so the matter can be litigated in another court that also has jurisdiction. The Okudas' willingness to protect the other creditors' rights is commendable but not determinative.

U.S. Bankruptcy Court - Hawaii   #12-01468   Dkt # 161   Filed  07/02/14   Page 4 of 6

I appreciate the effort of the Okudas, the trustee, and their counsel to respond to my concerns about the treatment of other creditors. Their suggestions are creative and constructive. I have concluded, however, that the bankruptcy court should decide the Saunders' claims against the estate.

1. The allowance and disallowance of claims against the estate is at the core of the bankruptcy process. The bankruptcy court should not lightly cede decisions on that topic to other courts.

2. The presence of other parties and issues in the state court case is not particularly important. It is hard to see how those other parties would even have standing to be heard on the dispute about whether the Saunders made loans or gifts. After this court resolves the issue of the Saunders' alleged loans, many issues will remain for the state court.

3. The right to a jury trial is important, but not absolute. If a party demands a jury trial but is not entitled to one, other parties can object. This implies that the other parties have a legitimate interest in *not* having a jury trial where the law does not provide for one. The Saunders filed a claim in the bankruptcy court and they have a legitimate interest in having that claim decided through the normal bankruptcy process, without a jury.

Therefore, I will sustain the objection to the trustee's final report and schedule an evidentiary hearing on the Okudas' objection to the Saunders' claim. Counsel shall

5

U.S. Bankruptcy Court - Hawaii   #12-01468   Dkt # 161   Filed 07/02/14   Page 5 of 6

work with each other and the courtroom deputy to select a mutually agreeable date. The evidentiary hearing should be at least six months hence, to allow the parties time to conduct discovery. If the parties cannot agree on a hearing date, the court will set one.

**END OF DECISION**